IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:20-cv-03395-KMT

BRYAN DEMERATH, an individual; and
JACOB DEMERATH, an individual,

    Plaintiffs,

v.

TRI-LAKES GARAGE DOORS, LLC, a Colorado limited liability company; and
WALTER JAMES HATLEY, JR., an individual,

    Defendants.

---

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

---

Plaintiffs Bryan Demerath and Jacob Demerath (collectively "Plaintiffs"), by and through counsel, Lewis Kuhn Swan PC, submit their First Amended Complaint and Jury Demand as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs allege a claim under the Fair Labor Standards Act ("FLSA").

2. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claim under the Colorado Overtime & Minimum Pay Order (the "COMPS Order"), 7 C.C.R. § 1103-1, because this state law claim is so closely related to Plaintiffs' federal claim that they form part of the same case or controversy.

3. Defendant Tri-Lakes Garage Doors, LLC ("TLGD") is subject to general personal jurisdiction in the State of Colorado because its principal place of business is in this state.

4. Defendant Walter James Hatley, Jr. ("Mr. Hatley") is subject to general personal jurisdiction in the State of Colorado because he is domiciled in this state.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiff Bryan Demerath is an individual who is domiciled and resides in Monument, Colorado.

7. Plaintiff Jacob Demerath is an individual who is domiciled and resides in Monument, Colorado.

8. TLGD is a Colorado limited liability company maintaining its principal place of business in Larkspur, Colorado.

9. Mr. Hatley is, upon information and belief, the sole member of TLGD.

10. Mr. Hatley is domiciled and resides in the State of Colorado.

11. Mr. Hatley is, and at all points relevant to this Complaint has been, responsible for TLGD's pay practices and exercises substantial control over TLGD's finances and operations. Among other things, Mr. Hatley approved or disapproved time entries, determined rates of pay, and assigned employees (including Plaintiffs) to certain jobs. Accordingly, he is individually liable for TLGD's illegal pay practices as alleged herein pursuant to the FLSA and the COMPS Order.

12. TLGD and Mr. Hatley are collectively referred to as "Defendants."

## GENERAL ALLEGATIONS

13. TLGD is a company that specializes in repairing, replacing, and installing residential garage doors.

2

14. Plaintiff Bryan Demerath was hired by Defendants as a garage door technician on or around May 1, 2019.

15. In or around October 2019, Bryan Demerath was given the title "general manager." He remained employed by TLGD as a general manager until his employment with Defendants ended on or around November 23, 2020.

16. Plaintiff Jacob Demerath was hired by Defendants as a garage door technician on or around May 6, 2019. After taking several months off work in late 2019, he resumed his employment in or around mid-February 2020. He remained employed by TLGD as a garage door technician until his employment with Defendants ended on or around November 23, 2020.

17. Garage door technicians' job duties are such that they are not exempt from the minimum wage and overtime compensation requirements of the FLSA and COMPS Order. Those job duties consist of repairing, replacing, and installing residential garage doors under the direction and supervision of Mr. Hatley.

18. Bryan Demerath's job duties as a "general manager" were such that he was not exempt from the minimum wage and overtime compensation requirements of the FLSA and COMPS Order. His job duties consisted of repairing, replacing, and installing residential garage doors under the direction and supervision of Mr. Hatley.

19. As a "general manager," Bryan Demerath did not have authority to exercise discretion over matters of business significance, hire or fire employees, set schedules, or engage in any managerial duties.

20. At all relevant times, Defendants properly classified Plaintiffs as employees.

21. At all relevant times, Defendants compensated Plaintiffs on an hourly basis.

22. While employed by Defendants, Plaintiffs regularly worked more than 40 hours per workweek. For example, in the workweek starting on September 21, 2020, Bryan Demerath worked approximately 48.75 hours. As another example, in the workweek starting on March 23, 2020, Jacob Demerath worked approximately 46 hours.

23. Defendants failed to pay Plaintiffs minimum wages for all hours actually worked and overtime compensation for all hours worked over forty (40) in a workweek.

24. Defendants' pay practices are such that Plaintiffs were regularly deprived of overtime compensation and minimum wages to which they were legally entitled.

25. For example, Defendants would often automatically deduct a 30-minute lunch break from Plaintiffs' daily earned pay, regardless of whether or not Plaintiffs actually took a lunch break.

26. As another example, Defendants calculated Plaintiffs' overtime compensation based on an "80-hours per two-weeks" model (*i.e.*, Plaintiffs were only paid overtime if they worked in excess of eighty (80) hours over the course of two consecutive workweeks). The FLSA and COMPS Order, however, require that overtime be calculated on a workweek-by-workweek basis.

27. As the sole member of TLGD, Mr. Hatley exercises total control over these and other pay practices.

28. Defendants had in place inadequate timekeeping methods for tracking and recording the time Plaintiffs spend working.

29. Throughout all relevant time periods, Defendants failed to maintain accurate and sufficient time records and endeavored to maintain opacity in their pay practices.

4

30. Defendants' violations of the FLSA and COMPS Order were not in good faith. Mr. Hatley was aware, or reasonably should have been aware, that Plaintiffs were entitled to overtime compensation for all hours worked over forty (40) per workweek and/or twelve (12) per workday, as well as minimum wages for all hours actually worked. Moreover, when these overtime violations were brought to Mr. Hatley's attention, he failed to remit the amounts undisputedly owed.

31. Defendants have failed to properly compensate Bryan Demerath for a number of hours worked.

32. Defendants have failed to properly compensate Jacob Demerath for a number of hours worked.

33. In or around mid-October 2020, Plaintiffs retained the undersigned to assist them in recovering their unpaid wages from Defendants.

34. On or around October 15, 2020, the undersigned sent a letter to Mr. Hatley via U.S. Mail and e-mail, demanding that Mr. Hatley pay Plaintiffs the amounts undisputedly owed.

35. After receiving Plaintiffs' demand letter, Mr. Hatley sent an e-mail to Bryan Demerath, obliquely chastising him for retaining an attorney and reminding him of (paraphrasing) "everything [Mr. Hatley] had done for [Plaintiffs]" up to that point.

36. Shortly after the October 15, 2020 letter was sent, Mr. Hatley dramatically cut Plaintiffs' work hours and told them not to report to work unless they were specifically instructed to do so. Between October 16, 2020 and November 6, 2020, Jacob Demerath worked only 2.5 hours and Bryan Demerath did not work at all.

37. In or around early November 2020, Mr. Hatley told Plaintiffs that they would need to start driving their personal vehicles directly to job sites and that they would not be paid for this drive time. This was a deviation from Defendants' standard practice, which was to have employees drive their personal vehicles to TLGD's shop, clock in, and then drive company vehicles to the job site. On information and belief, Defendants have continued this standard practice with respect to other employees (*i.e.*, employees other than Plaintiffs), compensating these employees for their shop-to-worksite drive time.

38. Based on the foregoing retaliatory and illegal conduct, Plaintiffs had no reasonable alternative but to resign their positions with Defendants on or around November 23, 2020.

## FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 206(a)(1), 207(a)(1))
*Against Both Defendants*

39. All preceding paragraphs are incorporated.

40. At all relevant times, TLGD was an employer engaged in interstate commerce within the meaning of the FLSA.

41. At all relevant times, on information and belief, TLGD has had gross annual revenues exceeding $500,000.

42. At all relevant times, Mr. Hatley was an employer engaged in interstate commerce within the meaning of the FLSA.

43. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

44. Throughout the course of their employment by Defendants, Plaintiffs frequently worked over forty (40) hours per workweek and were thus entitled to overtime compensation at a rate of not less than one-and-one-half their regular rate of pay.

45. Throughout the course of their employment by Defendants, Plaintiffs regularly worked through their regularly scheduled breaks and were not paid for this time worked.

46. Because Plaintiffs did not receive all overtime compensation and minimum wages to which they were entitled, Defendants violated the FLSA.

47. Defendants have failed to make, keep, and preserve records with respect to Plaintiffs sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA.

48. Defendants' violations of the FLSA were not in good faith because, among other things, they were well aware of their legal obligations to pay overtime compensation and affirmatively instructed Plaintiffs to work through lunch if necessary.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

50. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants unpaid overtime compensation, unpaid minimum wages, actual and liquidated damages, including TLGD's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### RETALIATION UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 215(a)(3))
*Against Both Defendants*

51. All preceding paragraphs are incorporated.

52. At all relevant times, TLGD was an employer within the meaning of the FLSA and employed Plaintiffs.

53. At all relevant times, Mr. Hatley was an employer within the meaning of the FLSA and employed Plaintiffs.

54. Pursuant to 29 U.S.C. § 215(a)(3), Plaintiffs complained to Defendants about their violations of the FLSA. Such complaints constituted lawful protected activity.

55. In retaliation for Plaintiffs' protected activity, Defendants discriminated against Plaintiffs by, among other things, significantly reducing Plaintiffs' work hours and requiring Plaintiffs to report directly to jobsites. On and information and belief, these actions were intended to – and actually did – deprive Plaintiffs of their earnings.

56. Defendants' conduct left Plaintiffs no reasonable alternative but to resign on or around November 23, 2020. Plaintiffs' resignations constitute constructive discharges because reasonable persons in Plaintiffs' positions would have felt compelled to resign.

57. Defendants' illegal retaliation against Plaintiffs was not in good faith, and thus, Plaintiffs are entitled to liquidated damages together with other compensable damages.

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA pursuant to 29 U.S.C. § 255(a).

59. Due to Defendants' violations of the FLSA anti-retaliation provisions, Plaintiffs are entitled to recover from Defendants back pay, front pay, liquidated damages, emotional distress, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

### THIRD CLAIM FOR RELIEF
### COLORADO MINIMUM WAGE ORDER (7 CCR § 1103-1)
*Against Both Defendants*

60. All preceding paragraphs are incorporated.

61. At all relevant times, Plaintiffs were employed by TLGD within the meaning of the COMPS Order.

62. Because TLGD was, at all relevant times, an employer within the meaning of the FLSA, it was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

63. Because Mr. Hatley was, at all relevant times, an employer within the meaning of the FLSA, he was also an employer within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

64. Defendants violated the COMPS Order by failing to pay Plaintiffs for all hours worked at the required rates set forth in the COMPS Order.

65. Due to Defendants' violations of the COMPS Order, Plaintiffs are entitled to recover from TLGD proper compensation for all hours worked (including minimum wages, and overtime compensation at the appropriate premium for hours worked over forty (40) in a workweek or twelve (12) in a work day), any statutory penalties, including TLGD's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to the COMPS Order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) Judgment in their favor on their claims for relief;

b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the COMPS Order;

c) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order;

d) An award of overtime compensation due under the FLSA and the COMPS Order;

e) An award of liquidated damages as a result of Defendants' willful conduct pursuant to 29 U.S.C. § 216;

f) An award of damages representing TLGD's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g) An award of pre-judgment and post-judgment interest;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees; and

i) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted this 18th day of December, 2020.

/s/ Andrew E. Swan
Andrew E. Swan
Paul F. Lewis
Michael D. Kuhn
LEWIS | KUHN | SWAN PC
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:  (719) 694-3000
Facsimile:   (866) 515-8628
plewis@lks.law
mkuhn@lks.law
aswan@lks.law

*Attorneys for Plaintiffs*

Plaintiffs' Address
17255 Leisure Lake Drive
Monument, CO 80132

11